Oldham, J. The certificate of the justice of the peace before whom the deposition read in evidence upon the trial of this cause, was taken is defective in not showing that the examination of the witness was reduced to writing in the presence of the justice, as required by the Rev. Si. C/i. 48, sec. 13. The affidavit of service by the person serving the notice, was made before John B. Costa, a justice of the peace, and who was one of the attorneys for the plaintiff. It should not have been read in evidence. Taylor vs. Rath, 1 J. R. 340. It was not necessary that the plaintiff below should have produced the judgment refered to in the deposition. The money was paid by him as the endorser oí a note drawn by Hammond, and the latter was liable, whether the former paid it with or without suit. Hammond’s liability'- to Freeman, depended upon the endorsement of the payee to the latter and for that purpose the note and not a copy, without establishing the loss of the original, should have been introduced in evidence. Freeman having endorsed the note to the bank and afterwards paid it, was restored to his rights as endorsee and holder. There were two issues formed by the pleadings; one upon the general issue, and the other upon the plea of set-off. The jury found the first issue for the plaintiff, but did not determine the other; the court was not warranted in rendering final judgment until all the issues raised upon the record were determined. Hicks vs. Vann, 4 Ark. R. 526. Reed vs. the State Bank, 5 Ark. R. 193.